# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Bobby Boseman,

          Plaintiff,          Case No. 23-cv-10805

v.                                    Judith E. Levy
                                    United States District Judge

Victoria Lambarta, *et al.*,

                                    Mag. Judge Kimberly G. Altman

          Defendants.

_____/

## **ORDER DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff is an inmate currently confined at the Clare County Jail in Harrison, Michigan. On April 12, 2023, Magistrate Judge David R. Grand issued an order of deficiency. (ECF No. 4.) This order required Plaintiff to provide a signed certification of his trust account from an authorized jail official within thirty days of the order, or in the alternative, pay the filing and administrative fee in full. (*Id.*) Plaintiff has not responded to the order.

As the deficiency order stated,

> 28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust

fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each jail or prison at which the prisoner is or was confined. *See* [] *McGore v. Wrigglesworth*, 114 F. 3d [601, 605 (6th Cir. 1997), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007) and *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)].

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

(ECF No. 4, PageID.14–15.)

Because Plaintiff failed to comply with the deficiency order, his case is dismissed without prejudice for want of prosecution. *See, e.g.*, *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997); *Erby v. Kula,* 113 F. App'x 74, 75–76 (6th Cir. 2004). Plaintiff may refile the

2

case as long as he pays the filing and administrative fees or provides the information necessary to proceed without prepayment of fees under 28 U.S.C. § 1915.

IT IS SO ORDERED.

Dated: June 9, 2023  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager